IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


CARLOS MONTANA WILLIAMSON                                              PLAINTIFF

v.                                          Civil No.: 6:18-CV-06041

MARK A WALTERS (Correctional Officer                                  DEFENDANTS
Arkansas Department of Correction) and
GOLDEN DANIEL WAYNE (Disciplinary
Hearing Judge)


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA).  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on May 3, 2018, in the Eastern District of Arkansas.  (ECF No. 1).  It was transferred to this District on May 7, 2018.  (ECF No. 5).  On May 8, 2018, the Court granted Plaintiff *in forma pauperis* status, and directed Plaintiff to file an Amended Complaint.  (ECF Nos. 8, 9).  Plaintiff filed his Amended Complaint on May 18, 2018.  (ECF No. 12).

Plaintiff is incarcerated in the Arkansas Department of Correction Varner Unit, and alleges his federal constitutional rights were violated by a disciplinary conviction. (ECF No. 12 at 4-10.) Plaintiff alleges that on February 6, 2018, he was escorted to the day clinic for flu symptoms. (*Id.* at 4-55). He alleges the nurse "yell[ed]" at him and gave him pain medication instead of mucous medication. (*Id.* at 4-5, 18). He then went to the security desk for his I.D. card. Defendant Walters approached him and asked to see his I.D. card. Defendant alleges Defendant Walters started "yelling" at him and became verbally aggressive. (*Id.*) Walters then gave him a direct order to submit to being handcuffed, but Plaintiff felt threatened and instead asked Walters to call the Lieutenant and Sergeant. (*Id.* at 6). Plaintiff alleges Walters had a history of "jumping on" mentally ill inmates. When Walters reached for Plaintiff's wrist "real rough like" Plaintiff "tuck[ed] back" and again asked him again to get the Lieutenant and Sergeant. (*Id.*). Plaintiff alleges Defendant Walters then shoved him, knocking him to the ground and causing him to hit his head. (*Id.* at 7). When Plaintiff got to his feet, Defendant Walters approached him in an aggressive manner, so Plaintiff struck him with a closed fist. Walters then struck back with a closed fist. (*Id.*). Plaintiff alleges Walters used unnecessary force against him, starting with the shove, and Plaintiff only defended himself. (*Id.* at 8). Plaintiff suffered cuts and bruises from the incident. (*Id.*).

Plaintiff alleges Defendant Walters lied in the report about the incident, resulting in a disciplinary conviction. (*Id.*) Plaintiff alleges Defendant Wayne reviewed a download[1] of the incident rather than taking his statement. (*Id.*) Plaintiff appealed the disciplinary charge, but the Hearing Administrator affirmed it. (*Id.* at 9). Plaintiff alleges he filed a grievance but did not get a response. (*Id.*).

---

[1] The Court assumes the download referenced was a video of the incident.

Plaintiff attached copies of his disciplinary and grievance documents to his Complaint. (*Id*. at 17-22). The grievance appeal response states the grievance was rejected because it was a disciplinary matter. (*Id*. at 21). The disciplinary hearing action contained a statement from Plaintiff, and found him guilty of several charges, including resisting apprehension and the use of physical force on staff. (*Id*. at 18). Plaintiff lost a year of good-time credit due to the conviction. (*Id*.).

Plaintiff proceeds against Defendants only in their personal capacity. (*Id*. at 4). He seeks compensatory and punitive damages. He further seeks the termination of the disciplinary conviction in his ADC records and an internal investigation of the allegations made in his complaint. (*Id*. at 14).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

#### A.  Disciplinary Conviction

Plaintiff's claims regarding his disciplinary conviction are barred by the *Heck* doctrine.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.  The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

The *Heck* doctrine applies to inmate disciplinary proceedings.  *Edwards v. Balisok*, 520 U.S. 641 (1997); *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002).  An inmate challenge to the validity of a disciplinary conviction is barred by *Heck*.  *Edwards,* 520 U.S. at 646-48.  Any challenge to the effect of the disciplinary sanction on the award or revocation of good-time credit is also barred, as the credit will ultimately change the duration of the sentence served.  *Id.*  Thus, *Heck* requires favorable termination of the disciplinary charge "in an authorized state tribunal or a federal habeas court, even if the claim is for damages rather than earlier release." *Sheldon v. Hundley,* 83 231, 233 (8th Cir. 1996); *Cincoski v. Richard*, 418 Fed App'x 571, 571-72 (8th Cir. 2011) (Plaintiff's claims regarding his disciplinary convictions, including restoration of good- time credits, declaratory relief, and damages based on those convictions were *Heck*-barred.)

Plaintiff has not alleged that his disciplinary conviction has been reversed, expunged, declared invalid, or called into question by a federal court.  Without a favorable termination of the disciplinary charge, Plaintiff's claims concerning its validity are barred by the *Heck* doctrine.

### B.  Grievance

Plaintiff's allegation that he was denied a grievance response fails to state a plausible claim. The Eighth Circuit has made it clear prisoners do not have a constitutional right to a prison grievance procedure.  *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (no claim when "various defendants denied his grievances or otherwise refused to help him"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (no claim when defendants failed to timely and properly respond to a grievance).  Thus, a prison official's failure to properly respond to a grievance, standing alone, is not actionable under § 1983.  *Id*.  As there is no constitutional right to either a grievance procedure or a grievance response, Plaintiff failed to state a plausible claim based on Defendants' lack of response to his grievance.

### IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's personal capacity claim against Defendant Walters for the use of excessive force against him remain for further consideration.  I further recommend that Plaintiff's other claims be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **28th day of August 2018**.

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE